# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| FRANKLIN G. ENDICOTT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 2:17CV29 DDN |
| ) | |
| CRAIG DAWDY, et al., ) | |
| ) | |
| Defendants, ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on its own motion. This action was filed jointly by two prisoners. This Court does not permit multiple prisoners to join together in a single lawsuit under Rule 20 of the Federal Rules of Civil Procedure. *See, e.g., Georgeoff v. Barnes*, 2:09CV14 ERW, 2009 WL 1405497 (E.D. Mo. 2009). As a result, the Court will strike one of the plaintiffs from this case and order the Clerk to open a new case for him.

There are several reasons for this. First, the Prison Litigation Reform Act ("PLRA") requires that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). However, multiple filing fees cannot be collected for one case filed by multiple plaintiffs, thus the PLRA's requirement that a prisoner pay the full fee for filing a lawsuit would be circumvented in a multiple plaintiff case subject to the PLRA. *See* 28 U.S.C. § 1914. Therefore, the requirement of § 1915(b)(1) that each prisoner pay the full amount of a filing fee requires individual prisoners to bring separate suits, rather than file jointly under Rule 20. *See Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136 (2002).

Additionally, courts have noted that "the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20." *Hagwood v. Warden*, 2009 WL 427396 *2 (D.N.J. Feb. 19, 2009).

> Among the difficulties noted by these courts are the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changed as they are circulated or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation. Other courts have also noted that jail populations are notably transitory, making joint litigation difficult. A final consideration for one court was the possibility that coercion, subtle or not, frequently plays a role in relations between inmates.

*Id.* (quotations omitted).

Finally, joinder of prisoners' claims under Rule 20 would allow prisoners to avoid the risk of incurring "strikes" under § 1915(g) so long as one of those prisoners' claims is viable, because § 1915(g) imposes a strike only if the entire action is dismissed. Indeed, this is a common tactic among abusive litigators. Prisoners may not circumvent the penalties associated with filing frivolous actions by joining claims under Rule 20.

For these reasons, the Court will not allow plaintiffs to proceed jointly in this action.

Nothing in this Memorandum and Order should be construed as precluding the plaintiffs from cooperating to the extent that they are able or as preventing consolidation of these cases for trial if that becomes appropriate at a later date.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to **STRIKE** plaintiff Craig Dawdy from this action.

**IT IS FURTHER ORDERED** that the Clerk is directed to open a new case for Dawdy, utilizing the amended complaint (Doc. 9) in the above-captioned case.

**IT IS FURTHER ORDERED** that the Clerk is directed to file Dawdy's motion to proceed in forma pauperis (Doc. 4) and certified inmate account statement (Doc. 5) in the new action.

Dated this 25th day of July, 2017

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE