UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| FRANKLIN G. ENDICOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-CV-29-DDN |
| | ) | |
| LARRY ALLEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the following motions: (1) defendants' motion to dismiss plaintiff's second amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6);[1] (2) plaintiff's motion for a preliminary injunction; and (3) plaintiff's motion to appoint counsel. Defendants' motion to dismiss is fully briefed and ready for decision. Defendants have not responded to plaintiff's motions, however, and the time for doing so has passed. For the following reasons, the Court will deny defendants' motion to dismiss and plaintiff's motion for a preliminary injunction. The Court will deny without prejudice plaintiff's motion for appointment of counsel.

### I. Background

Plaintiff, formerly an inmate at Northeast Correctional Center ("NECC"), brings this action against seventeen prison officials and food services staff at NECC seeking monetary, declaratory, and injunctive relief pursuant to the Religious Land Use and Institutionalized

---

[1] For the standard of review, defendants cite to Federal Rule 12(b)(1) for a motion to dismiss for lack of jurisdiction and Federal Rule 12(b)(6) for a motion to dismiss for failure to state a claim. In their conclusion, however, defendants only cite to Federal Rule 12(b)(6). The Court finds that defendants motion is properly brought as a motion to dismiss for failure to state a claim, not a motion to dismiss for lack of jurisdiction. The Court will construe the motion as brought under Federal Rule 12(b)(6).

Persons Act ("RLUIPA") and under 42 U.S.C. § 1983. Plaintiff alleges, among other things, that NECC failed to provide him with ritual kosher foods in violation of Jewish dietary laws on the Sabbath, High Holy Days, and Passover. He also alleges NECC failed to provide him with a Torah, Judaism prayer books, and dietary practice materials. Defendants have moved to dismiss plaintiff's complaint for failure to exhaust administrative remedies, Eleventh Amendment immunity, failure to allege physical injury, and failure to allege a constitutional violation.

## II. Legal Standard

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

When considering a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," *id.* at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555–56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions, however. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice"). In addition, all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001).

### III. Discussion

A.  <u>Defendants' Motion to Dismiss</u>

Defendants move to dismiss plaintiff's second amended complaint under Federal Rule 12(b)(6), alleging plaintiff failed to exhaust his administrative remedies, they are entitled to Eleventh Amendment immunity, plaintiff has not alleged physical injury, and plaintiff has not alleged a constitutional violation.

1.  *Plaintiff's Alleged Failure to Exhaust*

Defendants state the Court should dismiss plaintiff's second amended complaint for failure to state a claim because he did not exhaust his administrative remedies through the prison grievance procedure before filing. The exhaustion provision of the PLRA states:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

To properly exhaust his administrative remedies, plaintiff must have "complete[d] the administrative review process in accordance with the applicable procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). It is ERDCC's grievance procedures that define the boundaries of proper exhaustion. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). Although exhaustion is required prior to bringing a case under § 1983, exhaustion is not a pleading requirement. A prisoner does not have to plead and prove exhaustion in his complaint. *Id.* at 216 ("We conclude

that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints.").

Defendants submit as exhibits to their motion to dismiss three of plaintiff's grievance files: (1) NECC 17-1720 (filed Dec. 1, 2017); (2) NECC 17-1821 (filed Dec. 28, 2017); and (3) NECC 16-1571 (filed Nov. 15, 2016). These are three of twenty-six grievances plaintiff has filed at NECC since 2014. *See* ECF No. 30-4. Based on these grievances, two of which were filed after plaintiff filed his second amended complaint, defendants argue plaintiff failed to exhaust his administrative remedies and his action should be dismissed. Plaintiff responds that the issues are ongoing, and that he "will be requesting the right to file a 'Supplemental Amended Complaint' to add those pleadings and additional defendants named in both grievances."[2]

Defendants' argument relies exclusively upon documents that are outside the pleadings; however, they have not moved in the alternative for summary judgment. Pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, the court has discretion to consider such materials in a Rule 12(b)(6) motion to dismiss and convert the motion to one for summary judgment.

Here, however, defendants' exhibit C, grievance NECC 16-1571, does not support their argument that plaintiff failed to exhaust the grievance procedure before filing suit. The grievance is dated December 8, 2016, five months prior to plaintiff's filing of this suit, and complains that MODOC and NECC refuse to provide plaintiff with Kosher food items during High Holy Days, Sabbath, and Passover. *See* ECF No. 30-3 at 5. This grievance seems to exhaust many of plaintiff's claims in his second amended complaint. Defendants state that the grievance was not filed within fifteen days of the date of the alleged incident, but provide no

---

[2] Plaintiff's response to defendants' motion to dismiss is missing pages 2 through 4. *See* ECF No. 32. Based on review of the response, it is these pages 2 through 4 that respond to defendants' arguments regarding exhaustion.

support for this statement. The grievance complains of ongoing issues with his food service and the canteen, and does not cite to a particular instance or particular date on which a fifteen-day period would start.

Plaintiff's response is similarly insufficient, as it is missing pages 2 through 4 which would address defendants' arguments regarding exhaustion of his claims. In light of the failure of defendants' briefing, and in light of plaintiff's incarceration and pro se status, as well as the lack of any discovery to date, the court declines to convert defendants' motion to dismiss to one for summary judgment. *See Dowdy v. Hercules*, 2010 WL 169624 at *4 (E.D. N.Y. 2010) (refusing to convert Rule 12(b)(6) motion to a motion for summary judgment where plaintiff was a pro se prisoner and had not yet had an opportunity to conduct discovery); *see also Perez v. Hawk*, 302 F. Supp. 2d 9, 16 (E.D. N.Y. 2004) (same; where plaintiff was pro se prisoner asserting a *Bivens* claim for inadequate medical care). The Court will instead exclude the grievances from consideration.

Given that defendants' exhaustion argument relies solely upon plaintiff's three NECC grievance files, which have now been excluded from consideration, the Court finds no evidence to test the legal sufficiency of the complaint. As a result, defendants have not met their burden to establish that plaintiff's complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 at 678. Defendants' motion to dismiss under Rule 12(b)(6) for failure to exhaust will therefore be denied without prejudice.

2. *Eleventh Amendment Immunity*

The Eleventh Amendment prohibits actions against state officials acting in their official capacities from liability for monetary damages. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 n.10 (1989). It does not, however, "bar actions against state officers in their official

capacities if the plaintiffs seek only a declaratory judgment or injunctive relief." *Chaloux v. Killeen*, 886 F.2d 247, 252 (9th Cir.1989) (internal citations omitted). Nor does it bar damage actions against state officials in their personal capacities. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991). The Eleventh Amendment prohibits only damage actions against the "official's office," actions that are in reality suits against the state itself—rather than against its individual officials. *See id.* at 26.

Plaintiff brings all his claims against defendants in their individual and official capacities. *See* 2d Am. Compl. at 1. To the extent he seeks declaratory and injunctive relief, defendants are properly named in their official capacities. Furthermore, plaintiff's claims for injunctive relief brought under RLUIPA are properly brought against defendants in their official capacities. *See* ECF No. 16 at n.3. The Court will grant defendants' motion to dismiss on the grounds of Eleventh Amendment immunity only to the extent that the state officials are named in their official capacities for liability for monetary damages, and deny it in all other respects.

        3.       *Failure to Allege Physical Injury*

The PLRA provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). The Eighth Circuit has concluded prisoners may maintain actions for alleged First Amendment violations without claiming a physical injury. In these First Amendment cases, compensatory damages are not available, and relief is limited to nominal damages, punitive damages, and injunctive and declaratory relief. *See Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004).

Plaintiff's second amended complaint clearly states claims against defendants for violations of his First Amendment rights. Plaintiff alleges NECC food service defendants have violated his constitutional rights by providing meals that do not meet the strict Jewish dietary laws, and he is not provided with the specific ritual food items to abide by Jewish dietary laws on the Sabbath, High Holy Days, and Passover. Additionally, he states First Amendment retaliation claims against defendant canteen managers Gil Long and Travis Case. *See* 2d Am. Compl. at 22-35. Plaintiff may maintain his action for alleged First Amendment violations without alleging physical injury. The Court will deny defendants' motion to dismiss on this ground.

    *4. Failure to Allege Constitutional Violation*

Finally, defendants state that "plaintiff has neither established a past violation of any constitutional right, nor a real and imminent threat of such violation" and therefore the Court should dismiss his claims for injunctive relief. As the Court discussed in its Opinion, Memorandum and Order on initial review under 28 U.S.C. § 1915(e), plaintiff has stated plausible claims for constitutional violations against defendants. *See* ECF No. 16 at 1-10. Viewing all allegations in the light most favorable to plaintiff, as the Court must at this stage in the litigation, the Court finds again that plaintiff has stated plausible claims of constitutional violations against defendants. *See id.* The Court will deny defendants' motion to dismiss on this ground.

  B. <u>Plaintiff's Motion for Preliminary Injunction</u>

Plaintiff has filed a motion for preliminary injunction under Federal Rule 65, which governs the issuance of injunctions and restraining orders. In considering whether to grant preliminary injunctive relief, the Court must consider the following factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that

granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest. *See Dataphase Sys., Inc. v. CL Sys., Inc*., 640 F.2d 109 (8th Cir. 1981).

In the prison context, a request for injunctive relief must always be viewed with great caution because "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520-21 (8th Cir. 1995) (citing *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). For an injunction to issue "a right must be violated," and the court must determine whether "a cognizable danger of future violation exists and that danger must be more than a mere possibility." *Id.* Regarding the issue of when a situation is ripe for injunctive relief, the Eighth Circuit has noted that courts "should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate." *Id.*

Having considered the facts as alleged by plaintiff in light of the *Dataphase* factors and the Eighth Circuit's guidance, the Court concludes that preliminary injunctive relief is not warranted. First, the Court notes that plaintiff is no longer incarcerated at NECC, but has moved to Farmington Correctional Center ("FCC") in Farmington, Missouri. *See* ECF No. 35. Although he states that he is still being denied his ritual kosher food items at FCC, the specific injunctive issues related to NECC's staff (*e.g.*, retaliation, canteen issues, etc.) have been mooted through plaintiff's transfer. Additionally, plaintiff does not allege that he is not receiving his certified religious diet each day at FCC, only that he is not being provided ritual kosher food items on the Sabbath, High Holy Days, and Passover. It does not appear that this is a situation involving threat of irreparable harm.

Additionally, defendants have argued that plaintiff has not exhausted his remedies prior to bringing this suit. Although the Court is not able on a motion to dismiss to consider evidence outside the record, and is therefore unable to evaluate the merits of this argument, it does appear that defendants might succeed, at least partially, on summary judgment based on plaintiff's alleged failure to exhaust. Thus, on the basis of the present record, plaintiff has not demonstrated a likelihood of success on the merits. Finally, the Court is hesitant at this stage of litigation to interfere in the complex and intractable problems associated with prison administration.

C. Plaintiff's Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel, which the Court will deny without prejudice. There is no constitutional or statutory right to appointed counsel in civil cases. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

After considering these factors, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HERBY ORDERED** that defendants Larry Allen, Troy Bartley, Frank Campbell, Travis Case, Alan Earls, Sandra Everhart, Catherine Flock, Chantay Godert, Richard Griggs,

James Hurley, William Jones, Gil Long, Murray Phillips, Anne Precythe, Melvina Richardson, Ronald White, and Debra Williams' motion to dismiss is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** on the grounds of Eleventh Amendment immunity to the extent that the state official defendants are named in their official capacities for liability for monetary damages, and **DENIED** without prejudice in all other respects. [ECF No. 30]

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED without prejudice**. [ECF No. 31]

**IT IS FURTHER ORDERED** that plaintiff's motion for a preliminary injunction is **DENIED.** [ECF No. 33]

**IT IS FURTHER ORDERED** that plaintiff's motion for a hearing is **DENIED as moot**. [ECF No. 34]

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 7th day of February, 2019.

        /s/ David D. Noce
UNITED STATES MAGISTRATE JUDGE